STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ANTHONY DAVIS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 28, 1977—Decided December 15, 1977.

Before Judges ALLCORN, MORGAN and HORN.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. Charles T. Eckel,* Assistant Deputy Public Defender, on the brief).

*Mr. Richard J. Williams,* Prosecutor, attorney for respondent (*Mr. Solomon Forman,* First Assistant Prosecutor, on the brief).

PER CURIAM. In order to review the denial of defendant's application for admittance into the Atlantic County Pretrial Intervention Program (program) we granted leave to appeal and elected to consider and to determine the matter pursuant to *R.* 2:11-2.

On June 10, 1976 defendant, then 19 years of age, was indicted by an Atlantic County grand jury for conspiring

to break and enter, breaking and entering and petit larceny. Shortly after the indictment was returned, defendant, by reason of his status as a member of the United States Army, was assigned to military duties outside the county—first to Fort Dix and then to Fort Huachuca, Arizona. Although he was represented by the Public Defender during his absence, no application for admittance to the program was filed until March 25, 1977, about 8½ months after defendant's plea was entered, after he returned to the county and was informed of the availability of the program.

Initially, at a hearing prompted by defendant's challenge to the prosecutor's objection that the application for admittance to the program was untimely, the trial judge decided that in the interests of justice "the rules should be relaxed in this particular instance" and ordered that the application be considered on its merits. Defendant was found to be acceptable to the program. However, because the prosecutor persisted in the same objection that defendant's application was too late, the judge at a second hearing sustained that objection and rejected defendant's request for participation in the program. We find that the judge's rejection on this ground constituted an abuse of discretion.

We need not reiterate the important salutary purposes of the program. These have been memorialized in depth by our Supreme Court in *State v. Leonardis*, 71 *N. J.* 85 (1976) (*Leonardis* I), and *State v. Leonardis*, 73 *N. J.* 360 (1977) (*Leonardis* II). See also, Del Tufo, "Pre-Trial Intervention: A Means of Combatting Serious Crime," 5 *Criminal Justice Quarterly*, at 52 (1977).

The objection interposed by the prosecutor, and which was sustained by the trial judge, is based upon Guideline 6 of the P. T. I. Guidelines adopted by the Supreme Court on September 8, 1976. Guideline 6 provides:

> Application for PTI should be made as soon as possible after commencement of proceedings, but, in an indictable offense, not later than 25 days after the original plea to the indictment.

It will be observed that these guidelines were not effective until about three months after defendant's not guilty plea was entered in his behalf by the Public Defender during defendant's absence. When defendant's plea was entered the entire program in the county was in a state of uncertainty, being operated on a loose *ad hoc* basis.

Notwithstanding that at the initial hearing the judge expressed the view that the 25-day limitation could be relaxed (*cf. R*.1:1–2), at the second hearing, in rejecting the application, the judge said that *Leonardis* II

> \* \* \* serves to clarify that the Prosecutor has a great deal of discretion in Pre-trial Intervention and this Court is not to overrule decisions of the Prosecutor unless the—the decision, action is grossly arbitrary and capricious. \* \* \* The question is whether or not the Prosecutor has acted in such a way as to grossly abuse his discretion. \* \* \*

Without any testimony, and therefore without any factual support therefore, the judge found that the prosecutor did not abuse his discretion.

██ We need not comment on the correctness of the judge's view as to what weight should be given in such proceedings to the prosecutor's objections to the enrollment of individuals in the program. This is not an appropriate case for such comment because the timeliness of the application is a procedural and not a substantive aspect of the process. See P. T. I. Guideline 3. Therefore in this case the prosecutor's discretion is not a factor at all. This is not to say that the prosecutor did not have the right to voice objection based on the asserted failure of defendant to seek timely entry into the program. But the discretion of the judge was not to be restricted by that objection. Contrary to the trial judge's belief, the question was not to be resolved by "whether or not the Prosecutor has acted in such a way as to grossly abuse his discretion."

Defendant, as already indicated, was considered under the guidelines as an appropriate candidate for the program. At the initial hearing the assistant prosecutor stated:

.\* \* \* I see nothing, frankly, in this case substantially which would indicate to me readily any reason why he would not be acceptable and, perhaps, because of the conjunction of the date of this indictment and the commencement of the P.T.I. Program, since this Defendant may well be in a rather unique position, because he may have just made the starting date by a week or two with the date of his plea, perhaps it would not jeopardize the program by relaxing the rules in this particular case.

The judge then replied:

Considering all of the circumstances in this case and everything that has been mentioned, it strikes me that in the interests of justice, the rules should be relaxed in this particular instance, so I will grant the application [to permit the processing of the application notwithstanding the prosecutor's claim that it was untimely filed].

The prosecutor's assertion that defendant's delay in this case extended over an unreasonable length of time seems to be founded on the claim that "(w)hile the defendant was a member of the National Guard [*sic*] stationed either in Fort Dix or in Arizona, out of the jurisdiction, his counsel was not and neither was his [counsel's] office." This rationalization is fallacious. It completely ignores reality and the need of counsel to consult with defendant. The official relevant comment following Guideline 6 states:

Cutting off applications at 25 days after the holding of the arraignment permits defendants sufficient time to explore with counsel the risk of conviction if they elect to proceed through the ordinary course of prosecution, so as to be able to make the most intelligent and voluntary choice to seek PTI enrollment. In making such a decision, defendants have an opportunity under New Jersey's liberal discovery rules to make an effective evaluation of risk, and an opportunity to challenge law enforcement conduct through motions to suppress. In this regard, it should be noted that *R.* 3:13–3(e) provides for compliance with defendant's initial request for discovery within 20 days of the entry of the plea.

█ It is perceived that the time limitation was designed to afford sufficient time for defendant and his attorney together to decide whether to seek P. T. I. enrollment or to proceed conventionally.

■ We are well aware of the prosecutor's apprehension that the failure to respect the 25-day limitation may interfere with the expeditious administration of the program. However, such fear need not be a matter of concern. The time guideline will and should be observed in all cases unless clear injustice would result through no fault of defendant. The present case is an unusual one in that not only was defendant in military service and involuntarily outside the county and State, but when arraigned there were no definite guidelines. We perceive no conduct of defendant under these circumstances which merits that he (as well as the State) should be deprived of the benefits of the program.

Since it appears that but for the mistaken concept of the deference to which the prosecutor's objection was entitled the judge would have granted defendant's application, and since defendant is regarded as eminently eligible for enrollment in the program under the adopted guidelines, the order appealed from is reversed, with direction to enroll defendant in the program.